UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| KAREN E. KEEHL, | ) |  |
| --- | --- | --- |
| Plaintiff, | ) |  |
| v. | ) | Case No. 1:18-cv-281 |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Honorable Phillip J. Green |
| Defendant. | ) |  |

## **MEMORANDUM OPINION**

This is a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB) and supplemental security income (SSI) benefits. Plaintiff filed her application for DIB benefits on September 12, 2014. On August 6, 2015, she filed her application for SSI benefits. Plaintiff alleged a June 3, 2014, onset of disability. (ECF No. 7-5, PageID.188). Plaintiff's claims were denied on initial review. (ECF No. 7-4, PageID.117-26). On January 20, 2017, she received a hearing before an ALJ. (ECF No. 7-2, PageID.56-95). On April 5, 2017, the ALJ issued her decision finding that plaintiff was not disabled. (Op., ECF No. 7-2, PageID.34-45). On January 23, 2018, the Appeals Council denied review (ECF No. 7-2, PageID.25-27), and the ALJ's decision became the Commissioner's final decision.

Plaintiff timely filed a complaint seeking judicial review of the Commissioner's decision. Plaintiff argues that the Commissioner's decision should be overturned on the following ground:

> The ALJ erred, and therefore did not meet her step 5 burden, when she failed to address plaintiff's objections regarding the vocational expert's testimony.[1]

(Plf. Brief at 1-2, ECF No. 10, PageID.687-88). For the reasons stated herein, the Commissioner's decision will be affirmed.

## **Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v.*

---

[1] Plaintiff abandoned her arguments related to a sit/stand option and "whether the jobs identified by the vocational expert are not performed currently as they were performed when last updated in the DOT." (Plf. Supp. Reply Brief at 1, ECF No. 20, PageID.744) (citing Plf. Brief at 9-11, 13-17, ECF No. 10, PageID.695-97, 699-703). Further, plaintiff waived these issues by not including them in her statement of errors. *See Ealy v. Commissioner*, 594 F.3d 504, 513 (6th Cir. 2010); *Toll v. Commissioner*, No. 1:16-cv-705, 2017 WL 1017821, at *3 (W.D. Mich. Mar. 16, 2017) (The Notice that this Court issues in social security cases "caution[s] that failure to include an issue in the Statement of Errors constitutes a waiver of that issue.").

*Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive[.]" 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Gayheart v. Commissioner*, 710 F.3d 365, 374 (6th Cir. 2013) ("A reviewing court will affirm the Commissioner's decision if it is based on substantial evidence, even if substantial evidence would have supported the opposite conclusion."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

### **The ALJ's Decision**

The ALJ found that plaintiff met the disability insured status requirements through December 31, 2019. (Op. at 3, ECF No. 7-2, PageID.36). Plaintiff had not engaged in substantial gainful activity since June 3, 2014, the alleged onset date.

-3-

Plaintiff had the following severe impairments: "major depressive disorder, generalized anxiety disorder, degenerative joint disease of right knee, history of surgical repair of the right shoulder, lumbar degenerative disc disease, and obesity." (*Id.*). Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of a listing impairment. (*Id.* at 4, PageID.37). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a range of sedentary work with the following exceptions:

> she is limited to occasional pushing, pulling and performance of postural activities, although she should never climb ladders, ropes, or scaffolds. She should not engage in any overhead reaching on the right and can otherwise only engage in occasional full extension reaching with the right arm. Further, she is limited to the performance of simple, repetitive tasks in a low-stress environment, defined as no independent work-related decision-making and no changes in work setting. Finally, she should not interact with the general public and only occasionally interact with coworkers.

(*Id.* at 5-6, PageID.38-39).

The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (*Id.* at 9, PageID.42). Plaintiff could not perform any past relevant work. (*Id.*).

In response to a hypothetical question regarding a person of plaintiff's age with her RFC, education, and work experience, the vocational expert (VE) testified that there were approximately 360,000 jobs that exist in the national economy that she would be capable of performing. (ECF No. 7-2, PageID.86-87). The ALJ found that this constituted a significant number of jobs, and that plaintiff was not disabled. (Op. at 10-12, ECF No. 7-2, PageID.43-45).

**Discussion**

Plaintiff argues that the ALJ's decision should be overturned because she "failed to address" plaintiff's objections regarding the VE's testimony. (Plf. Brief at 2-9, ECF No. 10, PageID.688-95). Plaintiff's argument cannot withstand scrutiny. The ALJ overruled plaintiff's objections. (Op. at 11, ECF No. 7-2, PageID.44).

On January 23, 2017, plaintiff filed a lengthy document labeled as "POST-HEARING MEMORANDUM OF LAW AND OBJECTIONS TO THE VOCATIONAL WITNESS' TESTIMONY."[2] (ECF No. 7-6, PageID.299-324). Plaintiff objected to the VE's testimony based on an argument that it was "not reliable," citing a document generated by Ms. Paula Santagati. (*Id.* at PageID.302-03). She objected that the jobs identified by the VE were no longer performed at the unskilled level. (*Id.* at PageID.303-05). She objected to the VE's reliance on the Dictionary of Occupational Titles, arguing that it lacked sufficient detail regarding the physical and environmental demands for the jobs listed. (*Id.* at PageID.305). Finally, plaintiff objected to the ALJ issuing any unfavorable decision without first providing plaintiff with a supplemental hearing to address her post-hearing objections. (*Id.* at PageID.306).

---

[2] Plaintiff listed eight objections. (ECF No. 7-6, PageID.299-306). She "does not assign any error" stemming from the ALJ's decision regarding the first three objections. (Plf. Brief at 7, ECF No. 10, PageID.693). The fourth objection regarding a sit/stand option, as previously noted herein, has been abandoned and waived.

The ALJ overruled all of plaintiff's objections. (Op. at 11, ECF No. 7-2, PageID.44). The ALJ found that the VE's testimony regarding the number of jobs and the methodology used in determining those numbers were reliable:

> The vocational expert has professional knowledge and experience in job placement. The vocational expert's source of job numbers is based on the Bureau of Labor Statistics and labor market surveys.

(*Id.*). The ALJ found that plaintiff's general objections were "largely boilerplate" and that her specific objections were "not persuasive." (*Id.*). The ALJ found that the VE's testimony was reliable because at the hearing and in a supplemental letter, the VE "fully explained how the data and research was used to formulate the number of jobs that exist in the national economy when compared to the residual functional capacity." (*Id.*). In addition, the VE stated that his hearing testimony was consistent with the Dictionary of Occupational Titles. (*Id.*; *see also* ECF No. 7-2, PageID.87 and ECF No. 7-4, PageID.177). Based on the VE's testimony, the ALJ found that plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Op. at 11, ECF No. 7-2, PageID.44).

A. Due Process

Plaintiff invokes a provision of the Hearings, Appeals and Litigation Law Manual of the Social Security Administration (HALLEX) in support of an argument that his procedural due process rights under the Fifth Amendment were violated because the ALJ "failed to address" her post-hearing objections. (Plf. Brief at 5-6, ECF No. 10, PageID.691-92). This argument fails on multiple levels. The ALJ "overruled" plaintiff's post-hearing objections. (Op. at 11, ECF No. 7-2, PageID.44).

Plaintiff's reliance on a HALLEX provision as a foundation for a due process claim is misplaced. HALLEX is an internal guidance tool. It does not have the force of law. *See Estep v. Astrue*, No. 2:11-cv-17, 2013 WL 212643, at *11 (M.D. Tenn. Jan. 18, 2013) (collecting cases). " 'HALLEX does not impose judicially enforceable duties on either the ALJ or this [C]ourt.' " *Morris v. Commissioner*, No. 1:11-cv-154, 2012 WL 4953118, at *12 (W.D. Mich. Oct. 17, 2012) (quoting *Lockwood v. Commissioner*, 616 F.3d 1068, 1072 (9th Cir. 2010)); *see also Bowie v. Commissioner*, 539 F.3d 395, 399 (6th Cir. 2008) (Holding that, while the HALLEX procedures are binding on the Social Security Administration, they are not binding on courts reviewing the administration's proceedings.); *Smith v. Commissioner*, No. 17-12056, 2018 WL 3750971, at *13 (E.D. Mich. July 16, 2018) ("[T]he failure to comply with HALLEX, by itself, does not provide grounds for remand by a reviewing court."). Moreover, HALLEX procedures "do not create federal due process rights for claimants. 'No circuit has held that the HALLEX creates constitutional rights because, of course, only the Constitution, not an agency's rules or procedures, is the source of such rights.' " *Dukes v. Commissioner*, No. 1:10-cv-436, 2011 WL 4374557, at *9 (W.D. Mich. Sept. 19, 2011) (quoting *Davenport v. Astrue*, 417 F. App'x. 544, 547-48 (7th Cir. 2011)).

The question before the reviewing Court is whether the claimant received due process under the Fifth Amendment, which "requires that a social security hearing be 'full and fair.' " *Flatford v. Chater*, 93 F.3d 1296, 1305 (6th Cir. 1996). The absence of a more lengthy and detailed explanation of the ALJ's reasons for rejecting plaintiff's post-hearing objections to the VE's testimony did not violate plaintiff's due process rights.

B. <u>Post-hearing Evidence</u>

Plaintiff argues that the ALJ committed error because he failed to discuss Ms. Santagati's "report." (Plf. Brief at 11-12, ECF No. 10, PageID.697-98). On October 1, 2015, Ms. Santagati generated the document in question. (ECF No. 7-6, PageID.322-23). Plaintiff failed to take of advantage of the opportunity to cross-examine the VE regarding Ms. Santagati's opinions. *See Kidd v. Berryhill*, No. 5:17-cv-420, 2018 WL 3040894, at *4 (E.D. Ky. June 19, 2018) (Plaintiff "could have extensively cross-examined [the VE] on the topic [s]he now raises, but [s]he did not.").[3] Further, "the ALJ had no duty to convene a second hearing to pepper the VE with questions that [plaintiff] could have raised initially." *Id.*

Suffice it to say that courts have been less than impressed with Ms. Santagati's opinions: "Several courts have received reports from Santagati containing identical testimony regarding work-preclusive social limitations, and have rejected the

---

[3] Plaintiff's failure to object to the VE's testimony during the hearing waived her right to raise such issues in district court. "A claimant simply 'may not now complain in federal court when [s]he 'failed to cross examine' a VE on a topic 'when [s]he had an opportunity to do so.' " *Kidd*, 2018 WL 3040894, at *6 (quoting *McClanahan v. Commissioner*, 474 F.3d 830, 837 (6th Cir. 2006)).

testimony for its lack of specificity, expertise and knowledge of the case in question." *Looney v. Berryhill*, No. 3:17-cv-450, 2018 WL 3826778, at *12 (E.D. Va. Aug. 10, 2018) (citing cases).

Plaintiff's burden on appeal is much higher than pointing to evidence on which the ALJ could have made contrary findings. *See Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003). "[A]n ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite specific evidence does not indicate that it was not considered." *Daniels v. Commissioner*, 152 F. App'x 485, 489 (6th Cir. 2005). The Court finds no basis for disturbing the Commissioner's decision.

C. <u>ALJ's Questioning of the VE</u>

Plaintiff ignores Sixth Circuit authority and invokes cases from other courts in support of an argument that the ALJ was required to identify conflicts between the Dictionary of Occupational Titles (DOT) and the VE's testimony. (Plf. Brief at 17-20, ECF No. 10, PageID.703-06). In the Sixth Circuit, "an ALJ satisfies her duty to inquire if she asks the VE whether the VE's testimony is consistent with the DOT and receives an affirmative response." *Joyce v. Commissioner*, 662 F. App'x 430, 435 (6th Cir. 2016) (citing *Martin v. Commissioner*, 170 F. App'x 369, 374 (6th Cir. 2006)). The ALJ satisfied her duty. (ECF No. 7-2, PageID.87). An ALJ "is not required to affirmatively conduct an independent investigation into the testimony of witnesses to determine if they are correct." *Johnson v. Commissioner*, 535 F. App'x 498, 508 (6th Cir. 2013) (citation and quotation omitted).

-9-

## **Conclusion**

For the reasons set forth herein, the Commissioner's decision is affirmed.


Dated:   September 12, 2018          /s/  Phillip J. Green
                                     PHILLIP J. GREEN
                                     United States Magistrate Judge